IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH A. AWE

Petitioner,

v.

DEIDRE MORGAN,

Respondent.

OPINION AND ORDER

11-cv-329-wmc

---

Joseph Awe, who is represented by counsel, is an inmate at Oakhill Correctional Institution, where he is serving a sentence as a result of his conviction for arson of a building with intent to defraud, Wis. Stat. §943.02(1)(b). He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is his uncontested motion to stay the petition and hold it in abeyance so that he can exhaust his state court remedies with respect to four of the eight claims that he included in his petition but did not raise in his state court direct appeal. Having reviewed the record and hearing no opposition from respondent, I am granting the motion.

The following facts are drawn from the petition, answer, documents available electronically and petitioner's motion.

## FACTS

On December 20, 2007, petitioner Joseph Awe was convicted in the Circuit Court for Marquette County of arson of a building with intent to defraud, Wis. Stat. § 943.02(1)(b). The circuit court sentenced Awe to 12 years: three years of initial confinement and nine years

extended supervision. He began serving the sentence of confinement on May 30, 2010 and remains in custody at Oakhill Correctional Institution.

On March 19, 2008, petitioner's trial counsel, David Grace, filed a motion for a new trial, alleging insufficient evidence. Attorney Robert Baranowski appeared as postconviction counsel at hearings held on the motion on May 27 and December 29, 2008. The trial court denied petitioner's motion. On March 6, 2009, petitioner filed a notice of appeal. On appeal, petitioner challenged the participation in the investigation and at trial of private investigators who were hired by the company that insured the building that was burned, the effectiveness of his trial counsel and the sufficiency of the evidence. Among other things, petitioner argued that 1) the State violated its duty under *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose that the investigators were paid by his insurance company and not the state; and 2) his trial counsel failed to present three alibi witnesses, elicit testimony from the private investigators about the source of their compensation and present testimony from petitioner's accountant.[1] The Wisconsin court of appeals affirmed the judgment of conviction in an unpublished per curiam opinion dated March 4, 2010. The court noted that although petitioner had asserted in his opening brief that the state's reliance on independent investigators "implicated his due process rights" and asserted in his reply brief that it "violated" those rights, neither assertion was developed sufficiently.

Petitioner, represented by Baranowski, petitioned the Wisconsin Supreme Court for review on April 5, 2010, raising only issues related to the role and compensation private

[1] The circuit court had denied petitioner a hearing under *State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979) on all but the alibi witness issue.

investigators and sufficiency of the evidence. Petitioner did not raise the *Brady* or ineffective assistance of counsel claims in his petition for review. The supreme court denied the petition on May 13, 2010.

On May 13, 2011, petitioner filed a habeas petition in this court, raising eight claims. After respondent moved to dismiss the petition for petitioner's failure to exhaust claim 5, petitioner voluntarily dismissed the claim and amended his petition. Dkts. 8, 11 and 12. Petitioner's amended petition raises the following claims:

- Claim 1: The state's reliance on private investigators retained by his insurance company violated his due process rights.
- Claim 2: There was insufficient evidence to convict him.
- Claim 3: The state violated its duty under *Brady* to disclose that the investigators were paid by his insurance company and not the state.
- Claim 4: Trial counsel failed to discover and/or inquire about the employment of the private investigators.
- Claim 6: The state failed to establish a chain of evidence for the electrical components relied on at trial.
- Claim 7: Trial counsel failed to call three alibi witnesses.
- Claim 8: Trial counsel failed to call petitioner's accountant and two other individuals as expert witnesses.

Respondent has alleged that petitioner procedurally defaulted claim 1 by not adequately presenting it to the state court on appeal and claims 3, 4, 7 and 8 by not raising it in his petition for review. Respondent challenges claim 2 on the merits and claim 6 on the ground that it does not allege a constitutional violation.

OPINION

Absent very narrow circumstances, a person convicted pursuant to the judgment of a state court may bring only one application for federal collateral relief. 28 U.S.C. § 2244; *Felder v. McVicar*, 113 F.3d 696, 697–98 (7th Cir. 1997). Accordingly, a petitioner should present all of his claims in one habeas petition. In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court considered whether a federal district court has discretion to stay a mixed federal habeas petition, that is, a petition containing both exhausted and unexhausted claims, to allow the petitioner to present his unexhausted claims to the state court and return to federal court for review of his perfected petition. Taking into account the interplay between the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C.§ 2244(d), and the total exhaustion requirement of *Rose v. Lundy*, 455 U.S. 509 (1982), the Court ruled that a district court has such discretion in cases like this one in which outright dismissal of a mixed petition could jeopardize the opportunity for any federal review of the unexhausted claims. *Id.* at 275.

The Supreme Court has cautioned that use of the stay-and-abeyance procedure was a proper exercise of discretion only if it was compatible with the Antiterrorism and Effective Death Penalty Act's objectives of encouraging finality of state court judgments and streamlining federal habeas proceedings by requiring petitioners to first exhaust their claims in the state courts. *Rhines*, 544 U.S. at 277. Therefore, stay and abeyance is available only if there was good cause for petitioner's failure to exhaust his claims in state court, the unexhausted claims are not plainly meritless and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. *Id.*

A claim is not exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Petitioner contends that claims 3, 4, 7 and 8 are "unexhausted" because he can raise them in state court by filing a post-conviction motion pursuant to Wis. Stat. § 974.06.[2] That statute provides a vehicle by which a prisoner may raise constitutional issues after the time for direct appeal has expired, but only if the prisoner can establish a "sufficient reason" for not raising them on direct appeal or in any prior post-conviction motion. Wis. Stat. § 974.06(1) and (4). Ineffective assistance of counsel can provide such a reason. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682-83, 556 N.W.2d 136, 139-40 (Ct. App. 1996). Petitioner asserts that because his postconviction counsel failed to raise these claims adequately in state court, § 974.06 affords him a state law remedy that he must exhaust before proceeding on the new claims.

With respect to the other two *Rhines* factors, I am unable to conclude at this early stage that petitioner's unexhausted claims have no *potential* merit and there is no indication that petitioner has engaged in intentionally dilatory litigation tactics. Finally, dismissing the petition to permit petitioner to exhaust all of his claims would foreclose his chance for federal habeas review because his statute of limitations period has expired.

Generally, a state prisoner has one year to file a federal habeas petition from the date on which the state-court judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted toward the one-year period. § 2244(d)(2).

---

[2] Petitioner does not explain why he does not seek to exhaust claim 1, which alleges a violation of his due process rights.

Petitioner was convicted of robbery and theft in 2007 and appealed his conviction all the way to the Wisconsin Supreme Court, which denied review on May 13, 2010. Petitioner then had 90 days to seek a writ of certiorari in the Supreme Court of the United States. When those 90 days expired—on August 11, 2010—petitioner's judgment became final by the expiration of the time for seeking direct review. *See Morales v. Boatwright*, 580 F.3d 653, 657 (7th Cir. 2009). The one-year period under § 2244(d) commenced the next day, and Hamilton had until August 12, 2011 to file his federal habeas petition. Because "the filing of a petition for habeas corpus in federal court does not toll the statute of limitations," *Rhines*, 544 U.S. at 274–75, the statute of limitations in this case has expired.

Because the Supreme Court has held that "district courts should place reasonable time limits on a petitioner's trip to state court and back," I will not hold the petition in abeyance indefinitely. *Rhines*, 544 U.S. at 278. The stay will be granted under the following conditions:

> 1) petitioner must file a postconviction motion in the state trial court within 60 days of the date of this order; and
>
> 2) after completely exhausting his state court remedies, petitioner has 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay.

If petitioner fails to meet these conditions, then this court may vacate the stay *nunc pro tunc* as of the date the stay was entered and dismiss the petition.

ORDER

IT IS ORDERED that:

(1) Petitioner's motion to stay and hold the petition in abeyance is GRANTED;

(2) The instant petition is STAYED pending exhaustion of petitioner's state remedies on the following conditions:

(a) Petitioner has 60 days from the date of this order, that is, not later than June 22, 2012, to file a postconviction motion in the state trial court; and

(b) After completely exhausting his state court remedies, petitioner has no more than 30 days from the date of the last order from the state courts in which to file a motion in this court to lift the stay. If petitioner fails to meet this condition, the stay may be vacated nunc pro tunc as of the date of this order and the petition may be dismissed;

and

(3) The clerk of court is directed to close this case, subject to re-opening by petitioner upon the filing of his motion to lift the stay.

Entered this 23rd day of April, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge